**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-22-01892-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Israel Higuera Villegas, et al., | |
| Defendants. | |

Defendants Israel Villegas and Veronica Valenzuela are the sole members of an LLC. That LLC allegedly owns and operates a taco shop. Plaintiff G&G Closed Circuit Events LLC had the "exclusive commercial exhibition licensing rights" to a boxing match on November 6, 2021. Defendants allegedly displayed that boxing match on six televisions at the taco shop without paying the appropriate fee to Plaintiff. Plaintiff's complaint alleges claims under the Communications Act, 47 U.S.C. § 605, and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553. Plaintiff served Defendants but Defendants did not respond. Defendants' default was entered, and Plaintiff now seeks default judgment on its claim under 47 U.S.C. § 605. (Doc. 16-1 at 4). The complaint does not establish Defendants' liability under that statute. Therefore, the motion for default judgment will be denied.

In general, § 553 addresses intercepting communications that are being transmitted "over a cable system" while § 605 addresses intercepting communications that are being transmitted by way of radio communications, such as satellite televisions signals. *G & G*

*Closed Cir. Events, LLC v. Liu*, 45 F.4th 1113, 1115 (9th Cir. 2022). In other words, if Defendants received the television signal of the boxing match through a cable tv system, § 553 might apply. If Defendants received the signal through a satellite television service, § 605 might apply. *See, e.g.*, *J&J Sports Prods., Inc. v. Mandell Fam. Ventures, L.L.C.*, 751 F.3d 346, 352 (5th Cir. 2014) (holding "§ 605 does not apply to [the] receipt of cable communications"). Plaintiff's motion for default judgment seeks judgment solely on its § 605 claim. Thus, Plaintiff needed to allege Defendants received the signal through a satellite service. Plaintiff did not do so.

According to the complaint, Defendants or their employees "intentionally intercepted, received, and published" the signal of the boxing match at the taco shop. (Doc. 1 at 5). The broadcast of the boxing match allegedly "originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees." (Doc. 1 at 7). These allegations do not establish which type of signal—*i.e.*, cable or satellite—Defendants allegedly illegally intercepted and displayed.

Without factual allegations regarding Defendants' reception of the signal, default judgment cannot be granted. "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). The request for default judgment will be denied. Plaintiff will be required to file an amended complaint identifying the type of signal Defendants allegedly intercepted and displayed.[1]

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** no later than **May 19, 2023**, Plaintiff shall file an

---

[1] The motion for default judgment appears to argue the boxing match was initially sent to "cable and satellite companies" by way of a "satellite uplink" such that a subsequent interception and display of the signal, even if the individual received the transmission via a cable system, would be enough to trigger liability. (Doc. 16-1 at 4). Plaintiff cites no support for this argument and at least three circuit have explicitly rejected it. *See J&J Sports Prods., Inc. v. Mandell Fam. Ventures, L.L.C.*, 751 F.3d 346, 352 (5th Cir. 2014) (citing opinions from Third and Seventh Circuits).

amended complaint. The Clerk of Court shall enter a judgment of dismissal without prejudice if no amended complaint is filed by that date.

**IT IS FURTHER ORDERED** if Plaintiff files an amended complaint, Plaintiff must file a new motion for default judgment within fourteen days of the date the amended complaint is filed.

Dated this 8th day of May, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge