**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-22-01892-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Israel Higuera Villegas, et al., | |
| Defendants. | |

Plaintiff seeks leave to conduct discovery to determine how Defendants "unlawfully intercepted, received and exhibited" the television signal of a boxing match. Because a plaintiff is not entitled to conduct discovery to determine the factual basis, if any, for its claims, the request to conduct discovery will be denied. And given Plaintiff's statement that it cannot pursue its claims absent discovery, the complaint will be dismissed without prejudice. Should Plaintiff discover a valid factual basis to pursue claims against Defendants, Plaintiff will be free to do so.

Plaintiff's complaint alleges claims under 47 U.S.C. § 553(a)(1) and 47 U.S.C. § 605(a). As explained in a prior Order, "if Defendants received the television signal of the boxing match through a cable tv system, § 553 might apply" but "[i]f Defendants received the signal through a satellite television service, § 605 might apply." (Doc. 17 at 2). Apparently relying on Federal Rule of Civil Procedure 8(d)(2) authorizing pleading in the alternative, Plaintiff's complaint alleged Defendants received the signal either through a cable tv system or a satellite television system. Defendants did not respond to the

complaint and their default was entered. Plaintiff then filed a motion for default judgment, seeking judgment solely under § 605. The Court denied that motion because the complaint did not allege Defendants received the signal through a satellite television service, a necessary factual allegation for liability under § 605 to exist.[1] (Doc. 2). The Court ordered Plaintiff "to file an amended complaint identifying the type of signal Defendants allegedly intercepted and displayed." (Doc. 2 at 2). In effect, the Court ordered Plaintiff to allege sufficient facts supporting its claim under § 605 instead of merely reciting the elements of such a claim. (Doc. 1 at 8) (alleging "Defendants intercepted, received and published the [boxing match]").

Instead of filing an amended complaint, Plaintiff filed a motion for leave to seek discovery. Plaintiff explained it could not amend the complaint because, "[a]t this time," it does not know how Defendants received the signal. (Doc. 18-1 at 2). Because Plaintiff has no idea how Defendants received the signal, Plaintiff seeks leave to propound discovery to Defendants. If, as is overwhelmingly likely, Defendants do not respond to Plaintiff's discovery requests, Plaintiff will then propound discovery requests to every major telecommunications company in Phoenix. Plaintiff expects to need discovery from at least the following companies: Cox, CenturyLink, Spectrum, DirecTv (AT&T), Dish, Medicacom Cable, Cableone (Sparklight), T-Mobile, HughesNet, Viasat, and Quantum Fiber.

The time to investigate the factual basis for one's claims is before filing the complaint, not after. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior

---

[1] Once default has been entered, a court must "take the well-pleaded factual allegations" of the complaint as true. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). But many courts have concluded factual allegations are not "well pleaded" in the context of seeking default judgment when the factual allegations are contradicted in the complaint itself. *See, e.g.*, *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000); *Alexis v. PMM Enterprises LLC*, 2018 WL 5456491, at *1 n.2 (D. Conn. Oct. 29, 2018). Here, all the factual allegations in Plaintiff's complaint cannot be true. Defendants may have received the signal via cable or via satellite, but there is no possibility Defendants received the signal using both technologies. In such a situation, the Court has no way to decide which of the two mutually exclusive factual allegations should be accepted as true.

era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). It is inappropriate for a plaintiff to seek discovery after filing its complaint to determine the most basic facts underlying its claims. Here, if Plaintiff does not know how the television signal was received, it is not clear how counsel concluded this suit could be brought at this time. *See* Fed. R. Civ. P. 11(b)(3) (requiring "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support").

Plaintiff appears to believe the bare allegations that Defendants displayed the boxing match establish Defendants necessarily will be liable under either §§ 553 or 605. But even accepting Defendants displayed the boxing match without authorization, it is not certain they will be liable under either of those statutes. As noted by the Ninth Circuit in an opinion involving the same plaintiff and same plaintiff's counsel, there is an open question "[w]hether §§ 553 and 605 apply when the pirated program is transmitted via Internet streaming." *G & G Closed Cir. Events, LLC v. Liu*, 45 F.4th 1113, 1115 (9th Cir. 2022). In other words, if Defendants received the television signal over the Internet, it is possible Plaintiff does not have a viable claim under §§ 553 or 605. See *id.* (noting district court concluded transmission via Internet meant neither statute applied). The Court will not allow Plaintiff to propound discovery to Defendants and subpoenas to a long list of companies based solely on Plaintiff's hope that it will discover a viable factual basis for an already-pending claim.

Plaintiff is free to investigate and determine the factual basis to assert claims against Defendants, but Plaintiff's current complaint will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** the Motion to Conduct Discovery (Doc. 18) is **DENIED**.

…

…

…

…

**IT IS FURTHER ORDERED** the Clerk of Court shall enter a judgment of **DISMISSAL WITHOUT PREJUDICE**.

Dated this 6th day of June, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge